941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BELL, III, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-5303.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1991.
 
 Before KENNEDY and MILBURN, Circuit Judges, ZATKOFF, District Judge.*
 PER CURIAM:
 
 
 1
 A jury convicted William Bell III ("defendant") of a violation of Tenn.Code Ann. § 39-2-614 subject to federal prosecution pursuant to 18 U.S.C. §§ 7 and 13, and knowingly engaging in sexual contact with a female without her permission and for prohibitive purposes in violation of 18 U.S.C. §§ 2244(b) and 2245(3). The District Court denied defendant's motion for a new trial. This appeal ensued.
 
 
 2
 Defendant raises three issues for our consideration. First, defendant alleges that the venire from which his jury was selected did not contain a representative number of black males. Second, defendant contends that the District Court improperly allowed the rebuttal testimony of several witnesses. Finally, defendant argues that the evidence is insufficient to support the jury's verdict. For the following reasons, we affirm.
 
 
 3
 Defendant worked at the Defense Depot in Memphis, Tennessee. On or about September 27, 1989, defendant exposed himself to an employee while the two were working the same shift. Defendant exposed himself to the same employee several times subsequent to this occurrence, and on October 10, 1989, defendant fondled her breasts. The employee reported this latter incident to her supervisor. On November 16, 1989, a second employee witnessed defendant playing with his penis at his desk.
 
 
 4
 Defendant first contends that the venire from which the jury was selected was not representative of black males. Of the twenty-four person venire, seven were black and two of these were male. In making this claim, defendant does not allege that the general venire selection process resulted in a systematic exclusion of black males. Nor does defendant assert that the government improperly used its peremptory challenges to exclude black males. Rather, defendant argues that this particular venire was not representative of black males. As the District Court noted, "[Defendant]'s claim is that each jury panel must be racially ... balanced in some unspecified way."
 
 
 5
 In Duren v. Missouri, 439 U.S. 357 (1978), the Supreme Court held that proof of three elements was necessary to establish a prima facie violation of the fair-cross-section requirement: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Id. at 364 (emphasis added). Defendant contends that he has established a prima facie case because only seven of twenty-four members of the venire were black, and that this exclusion was systematic because "the members of the panel were brought into the courtroom based upon a procedure established by the courts." Appellant's Brief at 13.
 
 
 6
 In addressing the third requirement, the Supreme Court in Duren concluded that a prima facie case was established because "a large discrepancy occurred not just occasionally but in every weekly venire for a period of nearly a year ... and that the cause of the underrepresentation was systematic--that is, inherent in the particular jury-selection process utilized." Id. at 366; see also Timmel v. Phillips, 799 F.2d 1083, 1087 (5th Cir.1986) (stating that "[m]erely showing one case of alleged underrepresentation does not rise to a 'general' underrepresentation that is required for establishing a prima facie case").
 
 
 7
 Defendant fails to establish a prima facie case because he does not meet the third prong of the Duren test. Defendant does not identify and presents no evidence of the systematic procedure employed by the courts which resulted in a violation of the fair-cross-section requirement. It is insufficient to merely allege that this particular venire failed to adequately represent the cross section of the community.
 
 
 8
 Defendant next argues that the District Court erred in allowing the rebuttal testimony of two witnesses, the first employee and Azalee Brown. The first employee was asked whether she had "experienced any difficulties with other employees at the Depot since [she] came down here?" In her answer, she detailed the problems that had arisen since her encounters with defendant. According to defendant, this question served no probative purpose on the issue of his guilt, but prejudiced the jury against him.
 
 
 9
 The District Court permitted this testimony because defendant previously had introduced evidence in an attempt to show that the first employee lied about these allegations because she was angry that defendant had rejected her amorous overtures towards him. See Joint App. at 144 (testimony of defendant) and 156-57 (testimony Williams, A.). In light of this evidence, the District Court permitted the government to show that the act of testifying by this employee was a difficult task and thus unlikely to be undertaken based on such rejection. This showing encompassed difficulties encountered by her on account of but subsequent to the alleged incidents. We do not think the District Court abused its discretion in allowing this testimony. This evidence was relevant because it rebutted evidence presented by defendant.
 
 
 10
 Ms. Brown was asked questions concerning the good character and truthfulness of the second employee who testified regarding defendant's conduct. Defendant argues that this testimony was inadmissible because the second employee's reputation had not been attacked. Further, defendant claims the District Court erred by not allowing defendant to cross-examine Ms. Brown on the issue of the second employee's character and reputation. By disallowing this line of questioning, defendant allegedly was denied his constitutional right to confrontation.
 
 
 11
 The District Court did not err by allowing Ms. Brown to testify as to the reputation of the second employee. Rule 608(a)(2) states that "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Defendant and another witness testified as to the second employee's character. Admitting Ms. Brown's testimony was not error in light of this testimony.
 
 
 12
 Defendant was not denied an opportunity to cross-examine Ms. Brown. On direct examination, Ms. Brown's testimony pertained only to her opinion of the second employee's reputation for truth and veracity. On cross-examination, defendant was permitted to ask questions regarding the nature and degree of interaction that Ms. Brown had with the second employee. Thus, defendant was permitted to explore any limitations which would undermine the witness's assessment of Ms. Gordon's reputation.
 
 
 13
 The District Court, however, did not permit defendant to question Ms. Brown about an alleged prior inconsistent statement made by the second employee. This testimony addressed a collateral matter not in issue--the second employee's character.
 
 
 14
 Rule 608(b) permits inquiry into specific instances of conduct "concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." Only questions may be asked of the witness, and the specific instances may not be proved by extrinsic evidence. Such questions may encompass specific acts committed by the principal, but that is not for the purpose of attacking the credibility of the principal. Rather, they are for the purpose of showing that the witness's knowledge of the principal is limited and thus her opinion or reputation testimony should be given little weight by the finder of fact. As one commentator stated:
 
 
 15
 This inquiry is allowed not because it is relevant to [the principal]'s character--the propensity rule embodied in Rule 404 forbids the inference "bad man, therefore bad act"--but because it is relevant to the credibility of the witness, as a means of testing his familiarity with the [principal] and his qualifications to express an opinion about the accused or attest to his reputation.
 
 
 16
 3J. Weinstein & M. Berger, Weinstein's Evidence p 608, at 608-54 (1990).
 
 
 17
 The District Court did not err by disallowing defendant's question. Defendant stated that his purpose was not to attack the credibility of the witness, but to attack the credibility of the principal. Rule 608 prohibits a question regarding a specific instance for this purpose.
 
 
 18
 Lastly, defendant argues that the evidence presented at trial is insufficient to sustain his conviction. In reviewing this claim, we construe the evidence in the light most favorable to the prosecution and consider "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Defendant argues that the uncorroborated evidence of two witnesses is insufficient to sustain his conviction because it appears "incredible that in a crowded warehouse no other person saw anything or heard their alleged screams or outbursts at the times of the more than five ... alleged occurrences." Appellant's Brief at 20.
 
 
 19
 Defendant's argument, however, does not address the sufficiency of the evidence but its credibility and weight. We find the evidence constitutionally sufficient to sustain defendant's conviction.
 
 
 20
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation